UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:01 CR 104 CEJ |
| | ) | No. 4:05 CR 597 CEJ |
| JERRY EDWARD WILSON, | ) | |
| | ) | |
| Defendant. | ) | |

**FINDINGS AND CONCLUSION THAT
DEFENDANT IS COMPETENT TO PROCEED
AND
<u>ORDER TO APPEAR FOR FINAL HEARING</u>**

Each of the above-styled cases is before the court for a determination of whether or not defendant Jerry Edward Wilson is competent to be prosecuted in these proceedings, and, if competent, whether there is probable cause to believe he committed the alleged violations of supervised release, and whether he should be detained pending the determination of both matters. A hearing was held on October 12, 2007.

In Cause Nos. 4:01 CR 104 CEJ and 4:05 CR 597 CEJ, defendant is charged with very serious violations of the conditions of supervised release. On April 4, 2007, the proceedings in both cases were consolidated. <u>See</u> Doc. 78 in Cause 4:01 CR 104 CEJ. On April 9, 2007, the court sustained the motion of defendant for a mental evaluation of his competency to proceed and to determine his mental condition at the time of the alleged violations of supervised release. On July 16, 2007, the court received the written reports of Bureau of Prisons psychologists William J. Ryan, Ph.D., and Cristina Liberati, Ph.D., regarding defendant's competency and concerning his criminal responsibility. These reports concluded that defendant was competent to proceed and that he was not insane at the time of the alleged violations. Upon the request of defendant, a second mental evaluation was conducted locally by Michael T. Armour, Ph.D. In a written report dated October 10, 2007, Dr. Armour concluded that defendant was competent and was not insane at the time of the alleged violations.

On October 12, 2007, through counsel, defendant orally waived his right to a competency hearing. He did not contest the facts or conclusions set forth in the written mental evaluation reports. At the hearing, however, the United States proffered information which

assertedly reinforced the conclusions set forth in the reports. Defendant took exception to the proffered information, arguing that the asserted facts were not relevant and were less persuasive than the information set forth in the mental experts' reports.

At the October 12 hearing the United States proffered relevant information that indicated that several corrections officers and personnel have observed that defendant had never exhibited a lack of competency when in their presence. Further, the government has provided the court with a copy of a pro se handwritten motion filed by defendant in the Circuit Court of St. Charles County on September 28, 2007, captioned, "Motion to Dismiss Public Defender and Appointment of Counsel Other Then (sic) the Public Defender's Office." Gov. Ex. 1.

Also at the October 12, 2007 hearing, in each of the above-styled actions, defendant waived his right to a preliminary supervised release revocation hearing and a detention hearing.

## DISCUSSION

The Eighth Circuit has stated the requisite standards for competency to be prosecuted:

> [D]ue process requires that a defendant be able to perform the functions essential to the fairness and accuracy of a criminal proceeding. . . .
>
> "Due process requires that a defendant be tried only if he is competent to assist in his own defense." United States v. Voice, 627 F.2d 138, 140 (8th Cir. 1980). The question is "whether the accused 'has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and whether he has a rational as well as factual understanding of the proceedings against him.'" Id. at 141 (quoting Dusky v. United States, 362 U.S. 402, 402 (1960)).

United States v. Hinton, 218 F.3d 910, 912 (8th Cir. 2000). In determining whether a defendant is competent to be prosecuted,

> "attention should be paid to any evidence of [the defendant's] irrational behavior, [the defendant's] demeanor before the trial court, available medical evaluations, and whether trial counsel questioned the defendant's competency before the court." United States v. Day, 949 F.2d [973, 982 (8th Cir. 1991)]. . . . "'[N]ot every manifestation of mental illness demonstrates incompetence to stand trial . . . .' Similarly, neither low intelligence, mental deficiency, nor bizarre, volatile, and irrational behavior can be equated with mental incompetence to stand trial." Medina v. Singletary, 59 F.3d [1095, 1107 (11th Cir. 1995), cert.

>   denied, 517 U.S. 1247 (1996)](citations omitted). "Treatment
>   with anti-psychotic drugs does not per se render a defendant
>   incompetent to stand trial." Sheley v. Singletary, 955 F.2d
>   [1434, 1438 (11th Cir. 1992)].

Vogt v. United States, 88 F.3d 587, 591 (8th Cir. 1996).

Based upon the record before it, the court finds that defendant has a rational understanding of his current legal circumstances and the proceedings against him. He has the ability to consult with his lawyer and to provide meaningful information.

The June 12, 2007 competency report of Drs. Ryan and Liberati states that defendant currently has no legally sufficient mental disease or defect, that defendant has a rational and factual understanding of the proceedings against him, has the ability to assist his legal counsel, and can rationally make decisions regarding legal strategy. Doc. 88 at 9. Contrary to defendant's history, the psychologists state that there is no basis for believing defendant suffers from amnesia, and that he is considered to be a malingerer and to have exaggerated his condition. Id.

The October 10, 2007 report of Dr. Armour states the opinion that defendant does not suffer from a severe mental disorder and he does possess the mental fitness to proceed. He understands the nature of the charges against him, the functions of the courtroom personnel, and the adversarial nature of the proceedings. And defendant is capable of assisting his attorney in his defense. Doc. 98 at 10.

For these reasons, from the entire record,

**IT IS HEREBY DETERMINED AND FOUND** that defendant Jerry Edward Wilson is competent to be prosecuted in the proceedings now before the court.

**IT IS HEREBY ORDERED** that the parties shall appear before Chief Judge Carol E. Jackson for a final supervised release revocation hearing in each of the above-styled actions on October 22, 2007, at 1:30 p.m.

**IT IS FURTHER ORDERED** that defendant Jerry Edward Wilson is committed to the custody of the United States Marshals Service until further order.

/S/ David D. Noce
**UNITED STATES MAGISTRATE JUDGE**

Signed on October 16, 2007.